## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE

In re

                                         Case No. 14-31867

DONNIE ROY DAVIS
MELISSA GAYLE DAVIS

                    Debtors

            DEAN B. FARMER, Trustee,

                     Plaintiff

                 v.                              Adv. Proc. No. 14-3058

            CITIZENS NATIONAL BANK OF ATHENS,

                    Defendant

## MEMORANDUM ON CROSS-MOTIONS
## FOR JUDGMENT ON THE PLEADINGS OR FOR SUMMARY JUDGMENT

APPEARANCES:       HODGES, DOUGHTY & CARSON, PLLC
                            Dean B. Farmer, Esq.
                            Post Office Box 869
                            Knoxville, Tennessee  37901
                            Attorneys for Plaintiff

                            SAMPLES, JENNINGS, RAY & CLEM, PLLC
                            Thomas E. Ray, Esq.
                            130 Jordan Drive
                            Chattanooga, Tennessee  37421
                            Attorney for Defendant

**SUZANNE H. BAUKNIGHT**
**UNITED STATES BANKRUPTCY JUDGE**

At issue here is whether settlement proceeds for damage to real property that is subject to a deed of trust are general intangibles required to be perfected under the Uniform Commercial Code or substitute collateral for damage to the value of the real property subject to the lien. Because the court finds that the weight of authority requires it to construe Defendant's right to the settlement proceeds as collateral to the debt and as security for it, rather than as a right to a chose in action that is a general intangible, the court grants Defendant's motion for judgment on the pleadings and denies Plaintiff's motion for summary judgment.

Plaintiff filed a Complaint, seeking to avoid Defendant's lien on property of the estate under 11 U.S.C. §§ 544 and 549, or to determine the estate's interest in the property under Federal Rule of Bankruptcy Procedure 7001(2). Currently before the court are Defendant's Motion for Judgment on the Pleadings [Doc. 6], filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, made applicable to this matter by Rule 7012 of the Federal Rules of Bankruptcy Procedure, and Plaintiff's Motion for Judgment in Favor of the Trustee [Doc. 7], filed under Rule 12(c) and Rule 56, Federal Rules of Civil Procedure, made applicable here by Rule 7056 of the Federal Rules of Bankruptcy Procedure. This is a core proceeding. 28 U.S.C. § 157(b)(2)(K).

The matter has been fully briefed, and Plaintiff submitted several exhibits in support of his cross-motion (*i.e.*, Defendant's Deed of Trust [Doc. 7-1, pp. 2-6; Defendant's Petition to Intervene against Debtors Donnie and Melissa Davis filed as docket entry 187-2 in *Scofield v. Tennessee Valley Authority*, E.D. Tenn. No. 3:09-cv-64 [Doc. 7-1, pp. 7-14]; and the Agreed Order entered as docket entry 336 in the *Scofield* proceeding [Doc. 7-1, pp. 15-16].[1]   Because

---

[1] Plaintiff, however, failed to comply with the Local Rules of this court because he failed to respond as required by E.D. Tenn. LBR 7056-1(b) to Defendant's "Undisputed Allegations of the Pleadings" contained in Defendant's Motion. Also, more importantly, because he couched his own motion as one for summary judgment, Plaintiff failed to provide his own separate statement of undisputed material facts as required by E.D. Tenn. LBR 7056(a).

Plaintiff submitted matters outside the pleadings that have not been excluded by the court, the court treats these motions as filed under Rule 56.  *See* Fed. R. Civ. P. 12(d).

## I. Facts

The following facts are not in dispute.  At the time of their bankruptcy filing, Debtors owned real property at 133 Clinchcrest Drive, Kingston, Tennessee (the "Property"), against which Defendant held two deeds of trust.  [Doc. 1, ¶ 4; Doc. 5, ¶ 4.]  Defendant's 2006 deed of trust includes several relevant provisions:

- Grantor . . . , irrevocably grants and conveys to Trustee . . . the following described real property . . . [t]ogether with all . . . rights . . . now or hereafter existing in connection with the property or derived therefrom, . . . all of which shall be . . . referred to collectively as the "Property" . . . .

- Assignment of Rents; Rights to Possession.  As additional security for the repayment of the Indebtedness, Grantor hereby assigns to Lender all rents, income, or profits derived from the Property.

- Insurance. Grantor shall keep the improvements now existing or hereafter located on the Property insured for their full insurable value against loss by fire and all hazards within the term "extended coverage" . . . .  All insurance policies required pursuant to the preceding sentence shall include a standard provision, satisfactory to Lender, naming Lender as a Mortgagee Loss Payee.

- Preservation and Maintenance of Property . . . .  Grantor shall keep the Property in good repair, and shall not commit waste or permit impairment or deterioration of the Property.

- Protection of Lender's Security.  If Grantor fails to perform all the covenants and agreements contained in this Deed of Trust, . . . or any action or proceeding is commenced which materially affects Lender's interest in the Property, including, but not limited to, eminent domain proceedings . . . , then Lender at Lender's option may make such appearances . . . and take such actions as Lender deems necessary to protect its interest hereunder . . . .

- Condemnation.  The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property or any part of the Property . . . are hereby assigned to Lender and shall be paid directly to Lender.

2

[Doc. 7-1, at pp. 2, 3 (¶¶ 4, 7, 8), 4 (¶¶ 11, 13).]

In December 2008, the Property was damaged by a catastrophic and now infamous breach of a Tennessee Valley Authority dike filled with coal ash. Debtors joined numerous other plaintiff-property-owners in a suit against TVA filed in the United States District Court for the Eastern District of Tennessee, case number 3:09-cv-64. [Doc. 1, ¶¶ 5-6; Doc. 5, ¶¶ 5-6.] Defendant successfully petitioned the district court to intervene, and on December 14, 2011, an Agreed Order was entered by the district court, providing, in relevant part, as follows:

> ORDERED that all damages, recoveries, proceeds by settlement or otherwise recovered by Donnie and Melissa Davis to the extent of damages to the real property against which Citizens National Bank holds a validly perfected lien are subject to the deed of trust and lien of Citizens National Bank, net of attorneys fees and expenses of the litigation, and that no disbursement shall be made of those proceeds except as subject to the lien of Citizens National Bank.

[Doc. 7-1, p. 15.]

Debtors filed a Chapter 7 petition on June 9, 2014, and Plaintiff was appointed as Trustee. Plaintiff settled the district court case that Debtors had initiated against TVA for $120,400.00, with a net recovery for the bankruptcy estate of approximately $80,668.00 after payment of Plaintiff's attorneys' fees. [Doc. 38.] After notice and the opportunity for hearing, the court granted Plaintiff's Motion to Approve Settlement [Doc. 32] by order entered in the bankruptcy case on September 29, 2014 [Doc. 38]. Plaintiff initiated this adversary proceeding on September 18, 2014.

The issue now before the court is whether the settlement proceeds have the character of personalty or whether the proceeds are substitute collateral for the value of the real property.

## II. Summary Judgment Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact

and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (applicable in

adversary proceedings through Rule 7056 of the Federal Rules of Bankruptcy Procedure).

When deciding a motion for summary judgment, the court does not weigh the evidence to

determine the truth of the matter asserted but simply determines whether a genuine issue for trial

exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "Only disputes over facts

that might affect the outcome of the suit under the governing law will properly preclude the entry

of summary judgment." *Id.* No material facts are disputed here, and the question presented is

purely a question of law.

### III. Analysis

Plaintiff seeks to avoid Defendant's interest in the settlement proceeds because, as

Plaintiff argues, the settlement proceeds are merely personal property, general intangibles, or

proceeds of litigation, and Defendant did not take action to perfect any lien to such personal

property. [Docs. 7, 8, 14.] As a result, continues Plaintiff's argument, although Defendant's

interest in the settlement proceeds is good against Debtors as the grantors in the Deed of Trust, it

does not have priority over the Trustee's status as a hypothetical judgment lien creditor or post-

petition lien holder under §§ 544 and 549. [Doc. 1, ¶¶ 8-11.] Thus, the question is whether a

bona fide purchaser under Tennessee law could take the settlement proceeds free of Defendant's

lien created by the Deed of Trust. *See Gregory v. Ocwen Fed. Bank (In re Biggs)*, 377 F.3d 515,

517 (6th Cir. 2004).

Defendant counters that its lien under the Deed of Trust attaches to the settlement

proceeds that arose from damage to the Property that is Defendant's collateral. [Doc. 6, pp. 3-4.]

Defendant cites a decision of this court authored by Bankruptcy Judge Bare, in which the court

summarized Tennessee law as follows:

4

> A cause of action against a negligent third party for damages to
> mortgaged chattels exists in favor of the mortgagor and the mortgagee.
> However, absent fraud or collusion, there may be only one recovery from
> the negligent third party.  The mortgagee has the superior right to the
> receipt of a settlement payment, provided that there is no equity in the
> damaged chattels above the interest of the mortgagee.  These principles
> were clearly applicable insofar as any damage which may have occurred
> to the personal property are held as security by the bank.  *The court
> believes that the principles are equally applicable with regard to the
> damage to the real estate and the improvements thereon.*

*In re Goforth*, 24 B.R. 100, 104 (Bankr. E.D. Tenn. 1982) (citations omitted) (emphasis added).

Judge Bare's reasoning in *Goforth* recently was relied upon by this court when a debtor

challenged a mortgage-lien creditor's rights to the debtor's state-court recovery for damages to

the debtor's real property.  *See Ferry Road Props., LLC v. RL BB ACQ II-TN, LLC (In re Ferry

Rd. Props., LLC)*, Adv. Proc. No. 12-5022, 2012 WL 3888201, at *3 (Bankr. E.D. Tenn. Sept. 7,

2012).  The court rejected the debtor's arguments and concluded that the mortgagee's interest

extended to the debtor's claim for damages to the real property that served as the mortgaged

collateral.  *See id.* at *6.

Plaintiff correctly argues that *Goforth* and *Ferry Road Properties* are distinguishable

because the issue here is not whether Defendant's interest in the settlement proceeds is superior

to Debtors' but whether Defendant's interest is superior as to the rest of the world.  [Doc. 8, p.

10.]  Nonetheless, Plaintiff's perspective that the settlement proceeds are personalty for which

lien perfection is required under the Uniform Commercial Code is belied by closely analogous

case law.

In *Wilson v. Mellott (In re Wilson)*, Adv. Proc. No. A10-4035-TJM, 2010 WL 5341917

(Bankr. D. Neb. Dec. 21, 2010), the court resolved a dispute similar to the matter *sub judice* in

favor of the mortgagee, notwithstanding the plaintiff's argument that proceeds of a tort claim

were a "payment intangible" subject to Article 9 of the U.C.C.  The plaintiff had "loaned the

5

debtors money . . . [and held] as collateral a security agreement and assignment from the debtors

of certain causes of action against the contractors who [had] built the debtors' house." *Id.* at *1.

The security interest was perfected by the plaintiff's filing of a U.C.C. financing statement. *Id.*

The defendants in the proceeding claimed a lien on the debtors' house by virtue of a deed of trust

that predated the plaintiff's perfected security interest. *Id.* After the debtors successfully settled

a lawsuit against the construction contractors, the plaintiff sought a ruling from the bankruptcy

court that his lien attached to the settlement proceeds over that of the mortgagees. *Id.* As here,

the parties to the adversary proceeding "characterize[d] the central question . . . as whether the

settlement proceeds are the debtors' personal property or whether the proceeds are substitute

collateral for the value of the real property." *Id.* at *3. The court held that settlement proceeds

paid for damage to real property are subject to a mortgagee's interest in the damaged real

property:

> When a monetary remedy is awarded for damage to real property, it "takes
> the place of the reduced value of the land." *Am. Sav. & Loan Ass'n v. Leeds*, 440
> P.2d 937 n.2 (Cal. 1968) (en banc). Accordingly, a lender holding an interest in
> real estate as collateral would be entitled to damages for injury to his security.
> Therefore, to the extent any portion of the settlement allocable to property
> damage represents a reduction in the value of the [defendant]s' collateral, it is
> subject to the deed of trust lien, which is superior to [the plaintiff]'s security
> interest.

*Id.* at *4.

The *Wilson* court is not alone in its analysis. In *In re Gilley*, 236 B.R. 448 (Bankr. M.D.

Fla. 1999), the court rejected the Chapter 12 debtor's contention that the proceeds of his cause of

action against a fungicide manufacturer for damage to the debtor's real property were personal

property not subject to the lien of the mortgagee. The *Gilley* court noted that the mortgage

contained a legal description of the real property that included the following provision:

6

> *[T]ogether with all rights, interests*, easements, hereditaments and appurtenances *thereunto belonging, the rents, issues, and profits thereof* and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, *and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein*—all of which are herein called "the property".

*Id.* at 450 (emphasis in original).  The court also observed that the mortgage contained a provision by which the debtor agreed to keep the property insured, as well as a separate provision by which the debtor agreed "not to . . . cause or permit waste, lessening or impairment of the security covered hereby."  *Id.* at 450-51.  The court then held that the mortgagee's lien attached to the settlement proceeds "on the basis of the express terms of the mortgage contract. Specifically, the contract provides that the property subject to the mortgage consists of the real property, described in the mortgage, 'together with all rights, interests, easements, hereditaments and appurtenances thereunto belonging.'"  *Id.* at 453.

The analysis in these analogous cases is akin to this court's holding in *Ferry Road Properties*, which limited the lien of the mortgagee to the claim for damages to the real property because such "damages are viewed as a substitute for the realty itself."  *In re Ferry Road Props.*, 2012 WL 3888201, at * 7.

Here, the Deed of Trust contains provisions similar to those in *Wilson* and *Gilley*. Plaintiff argues that the Deed of Trust included a boilerplate "assignment of rights" provision that did not include proceeds, a chose in action, or general intangibles.  [Doc. 8, p. 1.]  Plaintiff, however, ignores the provision of the Deed of Trust that defines "property" to include "all . . . rights . . . now or hereafter existing in connection with the property or derived therefrom."  [Doc. 7-1, p. 2.]  Simply, none of the cases cited by Plaintiff in support of his argument that the

7

proceeds are subject to the U.C.C. concern settlement proceeds for damage to real property that was subject to a mortgage or deed of trust.[2]

### IV. Conclusion

Because the court finds that the settlement proceeds are substitute collateral for the diminution in value of the Property subject to Defendant's lien under the Deed of Trust rather than general intangibles under the Uniform Commercial Code, the court grants Defendant's motion for judgment on the pleadings and denies Plaintiff's cross-motion for summary judgment. Plaintiff's adversary proceeding will be dismissed, and he will be required to turnover to Defendant the sum of $80,668.00 being held in the bankruptcy estate's trust account.

Orders consistent with this Memorandum shall be entered.


FILED:  March 30, 2015

BY THE COURT

*Suzanne H. Bauknight*

SUZANNE H. BAUKNIGHT
UNITED STATES BANKRUPTCY JUDGE

---

[2] Because the court finds in favor of Defendant based on its rights under the Deed of Trust, it is unnecessary for the court to reach the argument that Defendant holds a valid assignment to the proceeds that was perfected through the Agreed Order entered in the district court litigation. [Doc. 6, pp. 5-6.]  The court notes, however, that such Agreed Order undoubtedly sufficed as notice to Plaintiff, and assignments of tort claims are excluded from the perfection requirements of Article 9 of the U.C.C.  *See* Tenn. Code Ann. 47-9-109(d)(12).